IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| **FIVE RIVERS PETROLEUM, LLC,** | : Bankruptcy No. 11-25202-JAD |
| Debtors. | : Chapter 11 |
| **FIVE RIVERS PETROLEUM, LLC,** | : Adversary No. 13-02113-JAD |
| Movant, | : Doc. # 1, 5 |
| v. | : |
| **COMMUNITY BANK,** | : |
| Respondent. | : |

## MEMORANDUM OPINION

The matter before the Court is a Motion to Dismiss the Adversary Proceeding (the "Motion") filed by Community Bank. This matter is a core proceeding over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. For the reasons set forth more fully below, Community Bank's Motion is granted.

### I.

The debtor, Five Rivers Petroleum, LLC (the "Debtor"), filed for relief under chapter 11 of the Bankruptcy Code on August 18, 2011, at Case No. 11-25202-JAD. Community Bank is the primary secured creditor of the Debtor.[1] (See Case No. 11-25202-JAD, Doc. # 101, p. 2, ¶ 6).

---

[1] The Debtor is indebted to Community Bank in connection with three loans made pursuant to promissory notes and security agreements executed therewith,

The Debtor's chapter 11 plan was to be filed by February 14, 2012. On December 15, 2011, the Debtor filed a motion to extend time to file a chapter 11 plan and disclosure statement, which was granted pursuant to a default order dated January 12, 2012. (See Case No. 11-25202-JAD, Doc. ## 72, 78). The Debtor filed a second motion to extend time to file a plan and disclosure statement on March 14, 2012, to which Community Bank objected. (See Case No. 11-25202-JAD, Doc. ## 83, 87). After a hearing on the Debtor's second motion to extend time was held on April 24, 2012, this Court entered a modified order extending the Debtor's deadline to file a plan and disclosure statement to May 23, 2012. (See Case No. 11-25202-JAD, Doc. # 91). The Debtors filed their chapter 11 plan on May 22, 2012. (See Case No. 11-25202-JAD, Doc. ## 97).

On June 6, 2012, Community Bank filed a motion for relief from the automatic stay and motion for abandonment (the "Motion for Relief"), arguing therein that termination of the stay was appropriate pursuant to 11 U.S.C. § 362(d)(2) because there is no equity in the Property and the Property is not necessary for an effective reorganization, and that abandonment of the Property was warranted under 11 U.S.C. § 554(b). (Case No. 11-25202-JAD,

---

specifically a loan in the amount of $380,072 made on December 30, 2005, a loan in the amount of $100,000 made on March 6, 2008, and a loan in the amount of $212,800 made on March 23, 2009. (See Case No. 11-25202-JAD, Doc. # 30, p. 2). Community Bank asserts that the Debtor is further indebted pursuant to a commercial guaranty dated December 30, 2005, a modification and mortgage extension agreement dated March 9, 2011, and a forbearance agreement dated August 2011. (See id. at pp. 2-3). Pursuant to the security agreements, Community Bank has a security interest in all of the Debtor's personal property, including accounts, inventory, and proceeds thereof (the "Property"). (See Case No. 11-25202-JAD, Doc. # 175, p. 1).

Doc. # 104, p. 4, ¶¶ 13, 14). Community Bank also filed an objection to the Debtor's disclosure statement on June 26, 2012. (See Case No. 11-25202-JAD, Doc. # 111).

A hearing on the Motion for Relief and the objection to the disclosure statement was held on July 3, 2012, at which point the matters were continued to August 14, 2012. (See Case No. 11-25202-JAD, Doc. ## 116, 128). After the hearing on August 14, 2012, the Court entered an order dated August 15, 2012 sustaining Community Bank's objection to the disclosure statement, and granting the Motion for Relief on a conditional basis (the "Order"). The order states in pertinent part:

> 2. The Motion for Relief from Stay is GRANTED ON A CONDITIONAL BASIS. Specifically, relief from stay is granted, but stayed, for so long as the Debtor timely and promptly does the following:
>    (a) File amended and corrected monthly operating reports by no later than 14 days from the date of this Order;
>    (b) File an[] Amended Plan and Disclosure Statement by no later than 28 days from the date of this Order;
>    (c) Confirm the to be filed Amended Plan by no later than 120 days from the date of this Order; and
>    (d) On the 15th of each month going forward pay to Community Bank the sum of at least $15,000 in readily available funds as adequate protection.
> 3. Time is of the essence with respect to the Debtor's performance to the terms of this Order. Failure of the Debtor to timely and promptly comply with the terms of the Order shall result in the lifting of the automatic stay, without further notice or hearing, upon the filing of an affidavit of default by Community Bank.

(Case No. 11-25202-JAD, Doc. # 129). Thus, pursuant to the terms of the Order, the Debtor was to have an amended plan confirmed by December 13, 2012.

-3-

The Debtor filed amended monthly operating reports on August 24, 2012, and an amended chapter 11 plan (the "Amended Plan") on September 11, 2012. (See Case No. 11-25202-JAD, Doc. # 143). Community Bank filed an objection to the confirmation of the Plan on October 9, 2012, arguing that the Plan was infeasible. (See Case No. 11-25202-JAD, Doc. # 150). The parties filed a joint motion to extend time periods for compliance with discovery deadlines on November 19, 2012, which the Court granted by order dated November 21, 2012, extending deadlines from October 16, 2012 to November 27, 2012. (See Case No. 11-25202-JAD, ## 170, 173). A hearing was held on December 3, 2012, at which point the parties were ordered to file post-trial briefs by January 14, 2013 and replies by January 24, 2012. (See Case No. 11-25202-JAD, Doc. # 186).

The Court issued a memorandum opinion and accompanying order on February 22, 2013 sustaining Community Bank's objection to the Debtor's Amended Plan and denying confirmation of the Plan. (See Case No. 11-25202-JAD, Doc. ## 197, 198). The Court found that the Debtor did not demonstrate that the Plan was feasible, and ordered the Debtor to appear at a rule hearing to show cause as to why the case should not be converted to a chapter 7 liquidation proceeding. (See Id.)

On March 25, 2013, the Debtor filed a status report setting forth various proposed amendments to the Plan, and requesting a forty five day continuance of the rule hearing to allow the Debtor to file an amended disclosure statement and plan of reorganization. (See Case No. 11-25202-JAD, Doc. # 212). The

Court continued the hearing to May 14, 2013 by order dated March 26, 2013. (See Case No. 11-25202-JAD, Doc. # 214).

The following day, the Debtor concurrently filed within the lead bankruptcy case a motion to vacate or modify the August 15, 2012 Order (the "Motion to Vacate") (see Doc. # 216), and initiated this adversary proceeding by filing a complaint to re-impose the stay (the "Complaint") (see Case No. 13-02113, Doc. # 1). Save for minimal and largely unrecognizable differences in formatting, the Motion to Vacate and the Complaint are mirror images of each other.

In both the Complaint and the Motion to Vacate, the Debtor requests that this Court (a) vacate or modify the August 15, 2012 Order pursuant to Fed. R. Civ. P. 60 (referred to as "Count I" in both the Motion to Vacate and the Complaint), and (b) reimpose a stay pursuant to 11 U.S.C. § 105 (referred to as "Count II" in both the Motion to Vacate and the Complaint). (See Case No. 13-02113-JAD, Doc. # 1; Case No. 11-25202-JAD, Doc. # 3216). The Debtor specifically argues that the "[t]he circumstances regarding the Debtor's ability to reorganize have materially changed" making relief under Fed. R. Civ. P. 60 warranted, and further asserts the applicability of 11 U.S.C. § 105(a). (Doc. # 1, pp. 3, 7-10).

In the Complaint, the Debtor acknowledges its failure to adhere to the deadlines set forth in the August 15, 2012 Order, noting that as of the time of filing the Complaint, "the Debtor was not able to obtain confirmation of the Amended Chapter 11 Plan." (Id. at p. 2). However, the Debtor asserts that it

"has tendered all the adequate protection payments for September 2012, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013 as required by Paragraph 2(d) of the Order of August 15, 2012," all of which Community Bank has accepted. (Case No. 13-02113-JAD, Doc. # 1, pp. 2-3, ¶¶ 13, 14).[2]

The Debtor also notes that "[a]s of March 26, [2013], Community Bank has not declared a default or filed an affidavit of [d]efault, as required by paragraph 3 of the August 15, 2012 Order." (Doc. # 1, p. 3, ¶ 15). However, Community Bank did file an affidavit of default in the lead bankruptcy case on April 1, 2013, asserting therein that the "Debtor has plainly failed to confirm its Amended Plan by a date no later than 120 days from the Order," and that as a consequence, "pursuant to the terms and conditions of the Order, the automatic stay is lifted without further notice or hearing upon filing of the instant Affidavit of Default." (Case No. 11-25202-JAD, Doc. # 221, p. 3, ¶¶ 9-10).

Thereafter, on April 29, 2013, Community Bank filed its motion to dismiss (the "Motion to Dismiss"), arguing that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim under either 11 U.S.C. § 105 or Fed. R. Civ. P. 60, and that Count I of the Complaint should be dismissed as duplicative of the Motion to Vacate. (See Doc. # 5, p. 3).

---

[2] All subsequent case numbers in this memorandum opinion refer to Adversary Case No. 13-02113-JAD, unless otherwise specifically noted.

The Debtor filed a response to the Motion to Dismiss on May 24, 2013. (See Doc. # 9). A hearing was held on June 4, 2013, at which point the matter was taken under advisement. The matter is now ripe for decision.

## II.

The Court notes that the Debtor's Complaint is duplicative of the Debtor's concurrently filed Motion to Vacate. (See Case No. 11-25202-JAD, Doc. # 216). In its Response to Community Bank's Motion to Dismiss, the Debtor admits that the portion of the Complaint brought under Rule 60 "seeks the same relief" as the Motion to Vacate, but argues that this "adversary is procedurally necessary to seek relief under section 105," and that "[t]he Motion was filed in conjunction with the adversary to seek an emergency hearing." (Doc. # 9, p. 3, ¶ 8). In any event, it appears to the Court that the Complaint and the Motion to Vacate are complete mirror images of each other, with few formatting changes. As such, the Court finds that the Complaint, in its entirety, is duplicative of a pending motion in the lead bankruptcy case. Contemporaneously, the Court has issued its Memorandum Opinion and Order denying the Motion to Vacate. (See Case No. 11-25202-JAD, Doc. # 285). That Memorandum Opinion and Order is incorporated herein. For the reasons stated in the Memorandum Opinion, this Adversary Proceeding is dismissed. An appropriate order will be entered.

Date: July 9, 2013         /s/ Jeffery A. Deller
                                                     **JEFFERY A. DELLER**
                                                     United States Bankruptcy Judge

**FILED**

JUL 09 2013

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA

**CASE ADMINISTRATOR TO MAIL TO:**
    Donald R. Calaiaro, Esq.
    Brian P. Fagan, Esq.